IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIPS NORTH AMERICA LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-147-B |
| | § | |
| IMAGE TECHNOLOGY CONSULTING, | § | |
| LLC, MARSHALL R. SHANNON, | § | |
| IMAGE TECHNOLOGY CONSULTING | § | |
| II, LLC, AND AXIOM IMAGING | § | |
| SOLUTIONS, INC., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 146, *Plaintiff's Motion to Strike Defendants Image Technology Consulting, LLC and Marshall Shannon's Affirmative Defenses*, Doc. 145, is before the undersigned for findings and a recommended disposition. For the following reasons, the motion should be **GRANTED IN PART**.

**I. BACKGROUND**[1]

This is a trade secrets case. Plaintiff makes and services medical imaging systems used at hospitals and medical centers, including the proprietary software and optional add-on features which are licensed to end users for a fee. Plaintiff controls access to its systems through copyright-protected proprietary software known as Customer Service Intellectual Property

---

[1] Unless otherwise noted, the facts are drawn from Plaintiff's *Second Amended Complaint* and the district judge's *Memorandum Opinion and Order* denying ITC' motion to dismiss. Doc. 43; Doc. 119.

("CSIP"). Plaintiff granted Defendants CSIP Level 0 access, which includes materials available to anyone in the United States who requests access and signs a confidentiality agreement. The remaining three CSIP levels restrict access to materials to subsets of Plaintiff's employees and specified contracted customers. Plaintiff controls access to CSIP materials through an Integrated Security Tool ("IST") and alleges Defendants used an IST certificate-generator software program to generate fake certificates to impersonate its employees and hack into certain of its systems and also provided fake IST certificates to others.

Plaintiff raises claims under the Computer Fraud and Abuse Act, the Digital Millennium Copyright Act, the federal Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and for unfair competition and fraud. As relevant here, Defendants Image Technology Consulting, LLC and Marshall Shannon (collectively, "ITC") answered, raised ten affirmative defenses, and "reserved the right" to seek leave to amend or add to their defenses. Doc. 131 at 17-18. Plaintiff now moves to strike each of their affirmative defenses as well as their "reservation of rights." Doc. 145.

## II. APPLICABLE LAW

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Defendants must plead affirmative defenses "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (*quoting Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). "[A]bsolute specificity in pleading is not required," however, and the "fair notice" requirement is met if the

defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* at 362 & n.29 (citation omitted).

"There is some play in the joints" on the fair notice requirement "as long as the plaintiff is not surprised by the affirmative defense, nor prejudiced in their ability to respond." *Taylor v. HD and Associates, L.L.C.*, 45 F.4th 833, 838-39 (5th Cir. 2022). "[T]he prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is)." *Rogers*, 521 F.3d at 387. In some instances, merely pleading the name of the affirmative defense may be sufficient. *Woodfield*, 193 F.3d at 362.

"Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed.). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."). "The party seeking to strike a pleading or part thereof has a 'demanding burden' to show adequate grounds under Rule 12(f)." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *5 (N.D. Tex. Mar. 6, 2015) (Solis, J.) (citation omitted). Striking a defense should further the purpose of Rule 12(f), which is "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at *6 (citation omitted). Finally, absent a showing of prejudice to the moving party, a court should not strike an affirmative defense. *Id.* (citation omitted).

### III. ANALYSIS

#### A. Failure to Mitigate Defense

This defense stated that "[Plaintiff's] claims are barred, and any damage award is fully offset, because of [Plaintiff's] failure to take reasonable steps to mitigate its alleged damages or otherwise protect itself from avoidable consequences." Doc. 131 at 17. Plaintiff argues this defense is devoid of any factual allegation and thus fails to provide it with fair notice of what the defense relates to or how Plaintiff purportedly failed to mitigate its damages. Doc. 145 at 7. But that misapprehends the fair notice requirement and the limited scope of Rule 12(f). A party claiming damages must take reasonable steps to reduce or minimize its losses. *FDIC v. Wheat*, 970 F.2d 124, 132 (5th Cir. 1992) (citation omitted). Plaintiff's motion should thus be **DENIED** with respect to ITC's failure to mitigate defense. *See Renda*, 709 F.3d at 479.

#### B. Waiver, Estoppel, and Laches Defense

Next, ITC asserted Plaintiff's claims "are barred by the doctrines of express and implied waiver, estoppel, and laches." Doc. 131 at 17. As Plaintiff observes, however, simply naming the affirmative defenses of waiver, estoppel, and laches "falls well short of the minimum particulars needed" to satisfy the fair notice requirement. *Woodfield*, 193 F.3d at 362 (waiver); *Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-CV-0949-G, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (Fish, J.) ("Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense.") (citation omitted). Accordingly, Plaintiff's motion should be **GRANTED** with respect to these affirmative defenses.

*C. Copyright Preemption Defense*

ITC also asserted that Plaintiff's "non-copyright claims are barred because of copyright preemption, in that the actions of which [Plaintiff] complains are qualitatively no different from actions covered exclusively by the Copyright Act." Doc. 131 at 17. Plaintiff contends this defense should be stricken because it is devoid of supporting facts. Doc. 145 at 8. The case law is clear that state law TUTSA and unfair competition claims may be preempted by the Copyright Act, which is often dependent on the specific facts of the case. *See, e.g.*, *GlobeRanger Corp. v. Software AG U.S. of Am., Inc.*, 836 F.3d 477, 486 (5th Cir. 2016) (finding no copyright preemption of misappropriation-of-trade-secrets claim); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 788 (5th Cir. 1999) (holding state law misappropriation claim was preempted by the Copyright Act); *see also Mot. Med. Techs., L.L.C. v. Thermotek, Inc*., 875 F.3d 765, 775 (5th Cir. 2017) (holding that claim for unfair competition by misappropriation of trade secrets was preempted by the Copyright Act). Given that discovery is ongoing, the Court cannot conclude at this juncture that ITC's copyright preemption defense cannot succeed under any circumstance or that Plaintiff is prejudiced by its inclusion. *Renda*, 709 F.3d at 479; *Rogers*, 521 F.3d at 387. As such, Plaintiff's motion should be **DENIED WITHOUT PREJUDICE** with respect to this defense.

*D. Copyright Invalidity Defense*

ITC also asserted that Plaintiff's "copyrighted materials are not original, are in the public domain, and/or lack copyrightable subject matter, therefore [Plaintiff's] copyright claims are barred due to the invalidity of [Plaintiff's] purported copyrights at issue in this action." Doc. 131 at 17. Plaintiff contends, *inter alia*, this is not a valid affirmative defense because copyright

5

invalidity is merely the denial of an element of a copyright infringement claim which it has not even pled. Doc. 145 at 8.

The Court agrees that ITC's copyright invalidity defense is inapplicable in the absence of an infringement claim. *See Harness v. Rossler*, No. 08-CV-0988-P, 2009 WL 10704475, at *4 (N.D. Tex. Mar. 31, 2009) (Solis, J.) ("To establish a claim for copyright infringement, a plaintiff must prove that he owns a valid copyright . . . The challenger of validity then has the burden to demonstrate the invalidity of the copyright.") (citations omitted). Plaintiff's motion should thus be **GRANTED** as to ITC's copyright invalidity defense. *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1061 (affirming strike of antitrust defense as insufficient as a matter of law because it did not apply to the plaintiff's underlying action).

E.  *Copyright Misuse Defense*

ITC next averred that Plaintiff's copyright claims "are barred because of [Plaintiff's] copyright misuse, including, but not limited to, attempting to expand its copyright protection beyond what applicable law permits, violating antitrust laws, unfairly and illegally harming legitimate competition in the aftermarket service market, and otherwise attempting to use its alleged copyrights in a manner violative of public policy." Doc. 131 at 17-18. Plaintiff argues, *inter alia*, this defense should be stricken because copyright misuse is a defense to a copyright infringement claim, which it has not alleged. Doc. 145 at 8-9.

"The defense of copyright misuse 'bars a culpable plaintiff from prevailing on an action for the infringement of the misused copyright.'" *DSC Communs. Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601 (5th Cir. 1996) (citation omitted). Because no copyright infringement claim is at issue in this action, Plaintiff's motion should be **GRANTED** as to ITC's copyright misuse defense. *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1061.

### F. Essential Step Defense

ITC next asserted that Plaintiff's "copyright claims are barred because any use of [Plaintiff's] software at issue is permissible as an 'essential step' under 17 U.S.C. § 117(a)(1)." Doc. 131 at 18. Plaintiff argues this defense is incognizable as a matter of law because ITC does not, and cannot, allege ownership of Plaintiff's proprietary software on its own systems. Doc. 145 at 9-10.

The relevant statutory provision states that "it is not an infringement *for the owner of a copy of a computer program* to make or authorize the making of another copy or adaptation of that computer program provided . . . that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner." 17 U.S.C. § 117(a)(1) (emphasis added). "Courts interpreting this provision have held that the essential step defense is applicable only if the alleged infringer is an owner, as opposed to licensee, of the copy of the software in dispute." § 4.37 COPYRIGHT INFRINGEMENT, Scott Multimedia L., 2019 WL 6001927 at n. 1159 (2023 ed.) (collecting cases). ITC does not assert "ownership" of Plaintiff's software, nor does it appear ITC could plausibly do so. Accordingly, Plaintiff's motion should be **GRANTED** as to ITC's essential step defense. *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1061.

### G. Payment/License Defenses

ITC next averred Plaintiff's claims are (1) barred in whole because ITC paid for the use of Plaintiff's software and (2) barred, in whole or part, (a) by express or implied license and/or (b) by Plaintiff's express or implied consent. Doc. 131 at 18. Plaintiff contends ITC fails to identify any license between Plaintiff and ITC for the conduct alleged in this lawsuit. Doc. 145 at 10. Given the nature of this case, which partially hinges on the extent to which ITC was

7

authorized to access Plaintiff's systems, the Court concludes ITC's payment/license defenses are sufficiently pled, and Plaintiff's motion should thus be **DENIED** to that extent. *See Renda*, 709 F.3d at 479; *Rogers*, 521 F.3d at 387.

### H. Statute of Limitations Defense

ITC also asserted that Plaintiff's "claims are barred in whole or in part by the applicable statutes of limitation. Each of [Plaintiff's] claims is subject to an applicable statute of limitation." Doc. 131 at 18. Plaintiff argues this defense must be stricken because ITC fails to identify – in any manner – what claims are time-barred or how, and the operative complaint's claims all plainly fall within the applicable statute of limitations. Doc. 145 at 10. Upon consideration, however, the record is not sufficiently developed to find that a statute of limitations defense will not bar any of Plaintiff's claims. Thus, Plaintiff's motion to strike ITC's statute of limitations defense should be **DENIED WITHOUT PREJUDICE**. *See Renda*, 709 F.3d at 479; *Rogers*, 521 F.3d at 387.

### I. Illegality Defense

Next, ITC asserted that Plaintiff's claims "are barred by the illegality of [its] actions." Doc. 131 at 18. As Plaintiff observes, this defense is bare bones, but the Court cannot conclude on the present record that ITC cannot, as a matter of law, succeed on that defense "under any circumstance." *See Renda*, 709 F.3d at 479. Accordingly, Plaintiff's motion to strike ITC's illegality defense should be **DENIED WITHOUT PREJUDICE**. *Rogers*, 521 F.3d at 387.

### J. Reservation of Rights

Finally, claiming that the investigation into Plaintiff's claims was ongoing, ITC sought to "reserve the right to seek leave to amend or add to its defenses after a reasonable opportunity for appropriate discovery, and as allowed by the Court." Doc. 131 at 18. Plaintiff contends this

8

"defense" is legally incognizable because, if ITC wishes to add an affirmative defense, it must comply with Rule 15's requirements regarding leave to amend. Doc. 145 at 11. ITC did not respond to this argument, and it is thus abandoned. *See generally Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that if a plaintiff fails to respond to an argument raised in a motion to dismiss, it is deemed to be abandoned). In any event, Plaintiff is correct on the merits. *See* FED. R. CIV. P. 15(a). Plaintiff's motion should thus be **GRANTED** as to ITC's "reservation of rights" defense. *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1061.

## IV. LEAVE TO AMEND

The decision to grant a motion to strike is within the court's discretion. *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citation omitted). "And when granting the motion is warranted, the Court's discretion extends to granting the non-movant leave to amend the pleading to cure the insufficiency." *Federspiel v. Lash LLC*, No. 3:17-CV-1318-N, 2017 WL 11686860, at *1 (N.D. Tex. Dec. 12, 2017) (Godbey, J.) (quoting *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *6 (N.D. Tex. Mar. 6, 2015) (Solis, J.) (citations omitted)).

Because ITC may be able to cure the insufficiencies in its waiver, estoppel, and laches defenses, ITC should be permitted to file an amended answer to Plaintiff's *Second Amended Complaint* within 14 days of the date of this recommendation is accepted.

# [NOTHING FURTHER THIS PAGE]

## V. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion to Strike Defendants Image Technology Consulting, LLC and Marshall Shannon's Affirmative Defenses*, Doc. 145, should be **GRANTED IN PART**.

**SO RECOMMENDED** on May 20, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).