UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIPS NORTH AMERICA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| IMAGE TECHNOLOGY CONSULTING | § | CIVIL ACTION NO. 3:22-CV-0147-B |
| LLC, MARSHALL R. SHANNON, | § | |
| IMAGE TECHNOLOGY CONSULTING | § | |
| II, LLC, and AXIOM IMAGING | § | |
| SOLUTIONS INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Image Technology Consulting II, LLC ("Image II") and Axiom Imaging Solutions Inc. ("Axiom") (collectively, the "Joined Defendants")'s Motion to Dismiss, and in the Alternative, Motion for More Definite Statement (Doc. 132). For the reasons that follow, the Court **DENIES** Joined Defendants' Motion.

## I.

## BACKGROUND

A detailed recitation of the facts in this case may be found in the Court's Memorandum Opinion & Order granting in part and denying in part Defendants Image Technology Consulting LLC, and Marshall R. Shannon (collectively, the "Initial Defendants")'s Motion to Dismiss. Doc. 27. Plaintiff Philips North America LLC ("Philips") manufactures and services medical imaging systems, including MRI scanners. Doc. 132, Second Am. Compl., ¶¶ 1, 23. Philips claims its MRI systems contain proprietary software and optional add-on features that are licensed to customers for a fee. Doc. 132, Second Am. Compl., ¶ 24. Beyond the systems themselves, Philips has also

developed "extensive proprietary information, documentation, and software" for the systems' servicing and maintenance. *Id.* ¶ 26. Philips refers to these service tools and documentation as its Customer Service Intellectual Property ("CSIP"). Philips provides individuals access to varying "levels" of CSIP depending on the person's role and contractual terms. *Id.* ¶ 29. *Id.* Philips controls access to the varying levels of CSIP information using its Integrated Security Tool ("IST"). *Id.* ¶ 33. Specifically, the IST "generates a user-specific IST certificate," which "specifies the tools the user is entitled to access." *Id.* The IST certificate is thus like a "key card that allows only the specific user with appropriate entitlements" to gain access to the CSIP material. *Id.* An authorized Philips Field Service Engineer ("FSE"), for example, may have access to a higher level of CSIP information than a customer that licenses access to Philips MRI information. *See id.* ¶¶ 29, 36.

Philips filed its Complaint on January 21, 2022, asserting against Initial Defendants claims under the Computer Fraud and Abuse Act ("CFAA"), the Digital Millennium Copyright Act ("DMCA"), the Defend Trade Secrets Act ("DTSA"), the Texas Uniform Trade Secrets Act ("TUTSA"), as well as unfair competition and fraud claims. *See* Doc. 1, Compl. ¶¶ 61–137. According to Philips, Joined Defendants have used "fake and/or unauthorized IST certificates to hack Philips' access control mechanisms on the Philips systems to gain unlicensed and unauthorized access to Philips systems[,] . . . . including software to modify medical devices." *Id.* ¶ 47. As discussed in more detail below, Philips' fraud claim is based on Joined Defendants' particular unauthorized use of an IST certificate to impersonate a Philips field engineer ("FSE"), to gain unauthorized access to Philips systems. *E.g., id.* ¶¶ 47, 134.

On May 4, 2022, Initial Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 12(e). Doc. 19, Mot. Dismiss. After the Court dismissed its

unfair competition claim, Doc. 27, Mem. Op. & Order, Philips filed an Amended Complaint, Doc. 31. After discovering the involvement of two other entities relevant to its claims, Philips sought and was granted leave to file another amended complaint adding Joined Defendants. *See* Doc 103, Mot. Leave to Amend; Doc. 117, Order. The Second Amended Complaint ("SAC") asserts against Joined Defendants the same claims that Philips asserted against Initial Defendants in the Original Complaint. *Compare* Doc. 1, Compl. *with* Doc. 119, SAC.

Joined Defendants have since move to dismiss the SAC ("Motion"), arguing that the statute of limitations has run for all of Philips' claims against Joined Defendants, and that Philips has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Doc. 132, Mot. Dismiss. While the Motion's title includes an alternative request for a more definite statement, Joined Defendants make no argument in support of such relief. *Id.*

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

### III.

### ANALYSIS

First, the Court addresses Joined Defendants' argument that Philips' claims are barred by their respective statutes of limitations. After concluding that the claims are not time-barred, the Court reviews Joined Defendants' remaining arguments for dismissal under Rule 12(b)(6). Finally, the Court addresses the Joined Defendants' alternative motion for a more definite statement.

A.      *Whether Philips' Claims Are Time-Barred.*

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Deutsche Bank Nat'l Tr. Co.*, No. 3:15-CV-1038-N, 2015 WL 11120589, at *1 (N.D. Tex. Aug. 5, 2015) (Godbey, J.) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). A motion to dismiss based on a statute of limitations should not be granted in the absence of information that "conclusively establish[es]" a plaintiff's claim is time-barred. *See*

*Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255–56 (5th Cir. 2021). The burden of proof for a statute of limitations affirmative defense is on the party pleading it. *See id.* at 254; *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004). Here, Joined Defendants have not met their burden.

Joined Defendants contend that all of Philips' claims are time-barred because Philips "unnecessarily delayed in bringing [the] claims." Doc. 133, Mot. Br., 2. Their argument has two parts. First, Philips' claims are all "based on events that occurred in 2018," which is "more than five years" before Joined Defendants were served in this suit. *Id.* Second, Philips has had sufficient notice of Joined Defendants' existence and involvement with Initial Defendants to bring timely claims. *Id.* To support their second argument, Joined Defendants assert Philips "has known" about Axiom's relation to Image I "since as early as March 2021," and Philips would have discovered Image II's existence through a "simple Secretary of State search for 'Image Technology Consulting, LLC.'" *Id.* Joined Defendants append a declaration from another lawsuit, initiated by Philips, in which the declarant admitted to providing, in 2018, *Initial* Defendants a falsely generated "IST certificate." Doc. 133-1, Ex. A, ¶¶ 9, 13. The declaration does not mention either of the Joined Defendants.

Philips responds that its claims are not time-barred because they do not only arise out of events in 2018. Rather, Philips argues, the SAC "includes allegations of recent knowledge and ongoing conduct." Doc. 136, Resp., 18 (citing SAC ¶¶ 47, 50–53).

The Court first turns to the fraud claim, which is the only claim in the SAC that expressly references Philips' knowledge of events arising out of 2018.

1.    Philips' Fraud Claim

The statute of limitations for fraud is four years from the time the claim accrues. TEX. CIV.

PRAC. & REM. CODE § 16.004(a)(4). A plaintiff must plead the following four elements to establish

fraud under Texas law:

> (1) the defendant made a material representation that was false; (2) the defendant
> knew the representation was false or made it recklessly as a positive assertion
> without any knowledge of its truth; (3) the defendant intended to induce the
> plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably
> relied upon the representation and suffered injury as a result. The fourth element
> has two requirements: the plaintiff must show that it actually relied on the
> defendant's representation and, also, that such reliance was justifiable.

*CBE Grp. , Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021) (citing *JPMorgan Chase Bank,*

*N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018)).

Philips pleads that the first element is met because "Defendants have made false

representations of material fact to Philips by impersonating a Philips FSE including, upon

information and belief, since April 2018." Doc. 132, SAC, ¶ 135. In satisfaction of the second and

third elements, Philips pleads the the false impersonation of a FSE was done "knowing[ly]" and

with the intent to "deceive Philips into believing that Defendants were a Philips FSE and that

[Joined] Defendants were authorized to obtain access to the Philips system with FSE-level

credentials." *Id.* ¶ 138. Finally, Philips alleges it "was in fact deceived by [Joined] Defendants' false

representations" and "suffered damages by [Joined] Defendants . . . gain[ing] unauthorized access

under the false pretense . . . [that they were] a Philips FSE whom Philips authorized to access such

material." *Id.* ¶ 141.

Each element of fraud that Philip pleads rest on the allegation that Joined Defendants

impersonated a Philips FSE, which traces back 2018. *Compare id.* ¶ 135 *with id.* ¶¶ 134, 136–42.

While Philips claims Joined Defendants presently be using fake IST certificates to gain

unauthorized access to Philips' software, *id.* ¶¶ 51–53, the fraud claim is based on the specific factual allegations that Joined Defendants used fake IST certificates to impersonate a Philips FSE in 2018. It appears from these allegations that Philips' fraud claim accrued over four years ago, which would exceed the statute of limitations.

Philips suggests that the discovery rule should apply in the event the Court finds any of its claims are time-barred. *See* Doc. 136, Resp., 17–18. "The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). "[W]hen a plaintiff invokes the discovery rule and when that plaintiff's complaint 'at least plausibly sets out facts where the discovery rule might apply, the court cannot resolve that issue in the context of a motion to dismiss.'" *BKL Holdings, Inc. v. Globe Life Inc.*, 660 F. Supp. 3d 602, 612 (E.D. Tex. 2023) (alterations in original) (quoting *Janvey v. Suarez*, 978 F. Supp. 2d 685, 708 (N.D. Tex. 2013)). "Rather, Texas and Fifth Circuit cases applying the discovery rule indicate that 'dismissal typically occurs at the summary judgment phase, after facts added to the record can lead to more fully formed conclusions.'" *Id.* (quoting *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x 317, 322 (5th Cir. 2011).

Here, the SAC and prior complaints plausibly sets out facts indicating that the discovery rule might apply. The SAC alleges that Philips "recently learned that [a third-party  medical device repair company] provided information related to accessing Philips' information to [Joined] Defendants." Doc. 119, SAC, ¶ 48. Part of the information the third-party provided was "a fake IST certificate." *Id.* Joined Defendants are alleged to have used a fake IST certificate to impersonate a Philips FSE to commit fraud.  *Id.* ¶¶ 134–42. In moving for leave to file the SAC,

Philips separately raised deposition testimony from Initial Defendant Shannon in which Shannon identified "for the first time" that Joined Defendant entities operate in conjunction with Image I. *See generally*, Doc. 103. Shannon's testimony came in July 2023. *Id.* at 2. The Court finds a sufficient basis exists that the discovery rule "might apply." At the motion to dismiss stage, the movant bears the burden of establishing that despite the discovery rule's applicability, the statute of limitations applies to a claim as a matter of law that. *BKL Holdings, Inc.*, 660 F. Supp. 3d at 612 (citation omitted). Philips has done enough to show that the discovery rule might apply but Joined Defendants, the movants, have not shown anything to suggest that the statute of limitations applies despite the discovery rule. As a result, the Court finds that Defendants' statute-of-limitations defense is premature at this stage of the case.

2.    Philips' Remaining Claims

As to each of Philips' remaining claims, Joined Defendants fail to establish that "it is evident from the plaintiff's pleadings that the action is barred" by its respective statute of limitations. *See Jones*, 2015 WL 11120589, at *1; *Nat'l Bus. Consultants, Inc.*, 376 F.3d at 322. All that Joined Defendants acknowledge is that the SAC alleges an injury from Joined Defendants' act of "distributing and/or using unauthorized access methods, including fake Philips IST certificates to gain unlicensed and unauthorized access to Philips' restricted software, including software to modify medical devices." Doc. 119, SAC, ¶ 51. The alleged use of fake or unauthorized IST certificates serves as a basis for each of the claims brought against Joined Defendants. *Id.* ¶¶ 67, 81, 102, 116, 124–25, 130–31. But it is not evident from the face of the SAC that the rest of these claims arise from the 2018 impersonation of a Philips FSE, as alleged in Philips' fraud claim. *Compare id. with* ¶¶ 133–42. Nor have Joined Defendants "conclusively established" their alleged

distribution or use of unauthorized access methods could have been discovered through reasonable diligence before each limitations period expired.[1] *Petrobras Am., Inc.*, 9 F.4th at 255–56. Thus, Philips' remaining claims are not time-barred.

B.     *Whether Philips Fails to State a Claim Under Rule 12(b)(6)*

The remainder of Joined Defendants' Motion focuses on dismissal under Rule 12(b)(6) for two reasons that the Court has previously addressed: (i) Philips' claims are based on access to information "that the FDA requires [Philips] to disclose to [Joined] Defendants," and (ii) "the Library of Congress has expressly authorized [Joined] Defendants to circumvent [Philips]' security measures to access" the information the FDA requires Philips to disclose. *E.g.*, Doc. 133, Mot. Br., 12. Joined Defendants argue that these two propositions preclude Philips from establishing legal elements in each of their claims.

Turning to the first proposition, Joined Defendants contend that Philips' claims are foreclosed by an FDA regulation, 21 C.F.R. § 820.170. Doc. 133, Mot. Br., 4–13. Joined Defendants say that the FDA requires Philips to give them the "very information" at issue in this case. *Id.* at 4–5. Therefore, according to Joined Defendants, they could not have possibly misappropriated or falsely obtained Philips' information. *Id.* at 7. Philips is asserting claims as to "CSIP" information it contends is not publicly accessible and was accessed without authorization by Joined Defendants. Doc. 119, SAC, ¶¶ 29–65. Contrary to Joined Defendants' framing of this argument, the Court's July 26, 2022 Memorandum Opinion and Order has already addressed this

---

[1] Each of the five remaining claims has its own standard for determining when the statute of limitations begins to run. For example, the CFAA, DTSA, and TUTSA all reach back from the date of the complained injury or the date that the injury should have been discovered. *See* 18 U.S.C. § 1030(g); 18 U.S.C. § 1836(d); TEX. CIV. PRAC. & REM. CODE § 16.010(a). Claims arising under the DMCA and unfair competition, on the other hand, are time-barred based on when they "accrued." *See* 17 U.S.C. § 507; TEX. CIV. PRAC. & REM. CODE § 16.003. Without more factual allegations to consider, the Court need not delve into these standards at this time.

very issue. Doc. 27, Mem. Op. & Order. The Court previously found that "nothing about § 820.170 implies that Philips was required to provide the Defendants with the highest level of CSIP access to inspect or test the equipment" in an MRI. *Id.* at 9. Nor does this regulation "require Philips to provide unfettered access to the features and tools for Philips' systems." *Id.* Thus, for the reasons articulated more fully in the Court's prior opinion, Joined Defendants fail to meet their burden to support dismissal under Rule 12(b)(6) based on 21 C.F.R. § 820.170.

Joined Defendants' second argument is that the Library of Congress's DMCA exemption precludes Philips from stating any of its claims. Doc. 133, Mot. Br., 6–7. Joined Defendants rehash the same argument the Court found unconvincing in Initial Defendants' Motion to Dismiss. Established by the Library of Congress for a three-year period beginning in 2024, the "reverse engineering" exemption to the DMCA requires that an individual "lawfully obtained the right to use a copy of the computer program." 21 U.S.C. § 1201(f). Nothing in the SAC suggests that Joined Defendants lawfully obtained such a right to access a copy of the software in Philips MRIs. Rather, the SAC alleges the opposite—that Joined Defendants exceeded their authorization to Philips' software. Doc. 119, SAC, 47–53; *see also* Doc. 27, Mem. Op. & Order, 15–16. Consequently, the Court again concludes the DMCA exemption fails to serve as a proper basis for dismissal of any claims under Rule 12(b)(6).

The remainder of Joined Defendants' 12(b)(6) arguments are nearly identical to the arguments raised by Initial Defendants in their Motion to Dismiss the Complaint. *Compare* Doc. 19, Mot. Dismiss *with* Doc. 133, Mot. Dismiss. Based on the forgoing, as well as the reasons detailed in its prior opinion, the Court **DENIES** Joined Defendants' Motion to Dismiss under Rule 12(b)(6). *See* Doc. 27, Mem. Op. & Order, 10–22.

C.      *Alternative Motion for More Definite Statement*

To the extent Joined Defendants seek a more definite statement, their Motion is denied. Rule 12(e) requires the movant to "point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). The Joined Defendants have not pointed to any part of the SAC that is defective or vague. *See generally* Doc. 133, Mot. Br. Therefore, they are not entitled to relief under Rule 12(e).

IV.

CONCLUSION

For the foregoing reasons, Joined Defendants' Motion to Dismiss and in the Alternative, Motion for More Definite Statement (Doc. 132) is **DENIED**.

**SO ORDERED.**

**SIGNED: June 26, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE