UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIPS NORTH AMERICA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0147-B |
| | § | |
| IMAGE TECHNOLOGY | § | |
| CONSULTING, LLC; MARSHALL R. | § | |
| SHANNON, IMAGE TECHNOLOGY | § | |
| CONSULTING II, LLC; and AXIOM | § | |
| IMAGING INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Before the Court are the following 11 Motions to Seal: Defendants' Motion for Leave to File Appendix Under Seal (Doc. 237); Philips' Motion for Leave to File Brief Under Seal (Doc. 238); Motion for Leave to File Exhibit A-3 Under Seal by Defendants (Doc. 248); Motion for Leave to File Under Seal Plaintiff's Brief (Doc. 263); Motion for Leave to File Under Seal Defendants' Appendix (Doc. 269); Motion for Leave to File Under Seal Defendants' Brief and Appendix in Support of Motion to Strike Dr. Orso's Testimony (Doc. 274); Motion for Leave to File Defendants' Brief and Appendix under Seal in Support of Motion to Strike W. Todd Schoettelkotte's Testimony (Doc. 278); Motion for Leave to File Under Seal Plaintiff's Brief and Appendix in Support of Motion for Spoliation Sanctions (Doc. 282); Motion for Leave to File Under Seal Exhibit G to Philips' Motion for Spoliation Sanctions (Doc. 293); Motion for Leave to File Under Seal Brief in Support of Opposition to Motion to Strike Orso Report (Doc. 300); and Motion for Leave to File Under Seal Defendants' Appendix in Support of Their Response to Plaintiff's Motion for Spoliation Sanctions

(Doc. 306). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions to Seal.

## I.

## BACKGROUND

The Court has discussed the facts in this lawsuit extensively in previous Orders and will not restate them here. The Court has already ruled on the parties' Motions for Summary Judgment and their Motions to Strike various expert witnesses. Here, the Court addresses the parties' Motions to Seal various documents in connection with those Motions.

## II.

## LEGAL STANDARD

The Fifth Circuit heavily disfavors the sealing of documents placed on the record because "the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). Maintaining transparency through public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* Nonetheless, the public's common law right of access to judicial records is not absolute. *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2023).

Redacting can be preferable to sealing when the redactions are less restrictive on the public's right of access. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information"). To decide whether to permit redactions, "the court must undertake a

document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (internal quotations omitted). Ultimately, courts should be "ungenerous with their discretion," and to the extent a redaction is necessary, it must be "congruent to the need. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418, 420 (5th Cir. 2021).

## III.

## ANALYSIS

While the parties have filed 11 Motions to Seal, after reviewing the Motions, the Court notes that the Motions largely seek to seal many of the same exhibits. Accordingly, the Court will organize this Order around the exhibits that the parties wish to file under seal, as opposed to organizing it around each specific Motion.

A.    *Philips Cannot Seal the Expert Reports in their Entirety.*

The parties seek to seal Philips' expert reports from Dr. Alessandro Orso and W. Todd Schoettelkotte, and Defendants' expert reports from Michael Fenn.[1] Doc. 237, Mot. Seal; Doc. 238, Mot. Seal; Doc. 269, Mot. Seal; Doc. 274, Mot. Seal; Doc. 278, Mot. Seal; Doc. 282, Mot. Seal. Philips argues the expert reports should be sealed because they contain confidential information about Philips' trade secrets. *See generally id.* Philips is attempting to seal hundreds of pages. Yet Philips entirely fails to engage in a document-by-document, line-by-line analysis to explain why their interest in sealing outweighs the public's common law right of access. *See June Med. Servs.*, 22 F.4th at 521.

Philips does not provide sufficient justification to seal hundreds of pages of documents.

---

[1] Philips designated these expert reports as Plaintiff's Exhibits B, O, U, and Y in its Motion for Summary Judgment. Doc. 238-1, App'x A, 1–3. Defendants designated these expert reports as Defendants' Exhibits G, H, I, and J in their Motion for Summary Judgment. Doc. 237, Mot. Seal, 2.

Philips only argues that these documents contain trade secrets and proprietary information. *See* Doc. 238-1, App'x A, 1–3. But the expert reports also contain information that is certainly not proprietary, such as the expert witnesses' credentials. Doc. 243, Pl.'s Sealed App'x, 5–9. Allowing Philips to seal hundreds of pages because a few pages may contain proprietary information is entirely inconsistent with the Fifth Circuit's admonition that courts should be "ungenerous" when sealing judicial records. *See Binh Hoa Le*, 990 F.3d at 418.

Next, Philips argues the reports should be sealed because they contain information relating to the company's internal processes for protecting its intellectual property. Philips does not explain what information in particular it wishes to seal, but its Motion for Summary Judgment, which was filed on the public docket, discusses the company's security measures extensively. For example, Philips uses encryption and only allows someone with an IST certificate to access the company's protected software. Doc. 240, Br. Mot. Summ. J., 14. To the extent Philips wishes to seal information that is already on the public docket, the Court denies its request. *See Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484, 2015 WL 13466613, at *4 (E.D. Tex. June 5, 2015) (finding that the public's common law right of access outweighed the party's interest in sealing letters when "the substance of the[] letters [were] already discussed in the public record"). And if Philips wishes to redact information pertaining to its internal security processes that is not already on the public docket, Philips must explain which lines in which documents have non-public information.

Philips next argues the expert reports should be sealed because they contain information explaining how Defendants circumvented Philips' security measures. Doc. 238, Mot. Seal, 4. The Court is skeptical that Defendants' methods of circumventing Philips' security measures should remain sealed because that conduct is the basis of this lawsuit. *Cf. MIECO LLC v. Pioneer Nat. Res.,*

*USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (Boyle, J.) (sealing documents when the information the parties sought to seal did "not provide the basis for summary judgment") (citing *Binh Hoa Le*, 990 F.3d at 420)). Philips argues that including this information on the public docket would allow more people to circumvent Philips' security measures. Doc. 238, Mot. Seal, 4. Even assuming this is true, the Court is not convinced that this interest outweighs the public right of access because of how important the Defendants' conduct is to this case.

Further, Philips discusses the Defendants' circumvention methods in great detail in its public brief seeking summary judgment. Doc. 240, Br. Mot. Summ. J., 16–18. For example, Defendants used an IST certificate impersonating a Philips Field Service Engineer and modified various files to circumvent Philips' security measures. *See id.* Thus, much of the information Philips wishes to seal has been on the public docket for several months. *See Dickey's Barbecue Pit, Inc.*, 2015 WL 13466613, at *4. Accordingly, the Court finds that information explaining how Defendants circumvented Philips' security measures should not be sealed.

After reviewing the expert reports, the Court believes a better approach would be for the parties to file the reports on the public docket and to redact each line they believe should be sealed. *See Ahsani*, 76 F.4th at 453 (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information"). Philips may re-file its Appendices and redact the portions that it believes discuss trade secrets or other proprietary, non-public information.[2] However, Philips must provide justification for *every single* redaction. It may not simply

_____

[2] The Court previously granted Philips leave to seal the Michael Fenn expert report and his deposition transcript. Doc. 233, Order. However, after reviewing the expert reports in the context of the parties' Motions for Summary Judgment, the Court believes that the parties redacting the confidential portions of the expert reports is a better approach to balance Philips' interest in non-disclosure and the public's common law right

say that the proposed redactions include confidential information, and thus each redaction is warranted. Failure to comply with the *June Medical* standard will result in the Court unsealing the expert reports.

B.    *The Parties May Not File Entire Deposition Transcripts Under Seal.*

The parties next seek to file entire deposition transcripts under seal. The parties move for leave to file under seal the deposition transcripts of the following individuals: Michael Fenn; Philips' corporate representative Jacqueline Dickson; Defendant Marshall Shannon; Dr. Alessandro Orso; and W. Todd Schoettelkotte. Doc. 237, Mot. Seal; Doc. 238, Mot. Seal; Doc. 274, Mot. Seal; Doc. 278, Mot. Seal.; Doc. 282, Mot. Seal.

The parties seek to seal these deposition transcripts for the same reasons they wish to seal the expert reports. *See* Doc. 237, Mot. Seal; Doc. 238, Mot. Seal; Doc. 274, Mot. Seal; Doc. 278, Mot. Seal.; Doc. 282, Mot. Seal. And as with the expert reports, the parties have entirely failed to undergo the document-by-document, line-by-line analysis explaining why these deposition transcripts should be sealed. The Court will not seal hundreds of pages of testimony just because the deposition transcripts may contain some lines with confidential information. For example, Fenn's deposition transcript is 40 pages and Jacqueline Dickson's deposition transcript is approximately 130 pages. Doc. 238, Pl.'s App'x A, 1; Doc. 246, Defs. App'x, 1.

After reviewing the deposition transcripts, the Court find that a better approach would be for the parties to file the exhibits on the public docket and then redact each line they believe should be sealed. *See Ahsani*, 76 F.4th at 453. Philips and Defendants may re-file the Appendices that contain the deposition transcripts and redact the portions that they believe should not be filed

---

of access.

publicly. However, the parties must provide specific justification for *every single* redaction. They may not simply say that the proposed redactions include confidential information and thus each redaction is warranted.

C.    *Defendants May File their Customer Invoices Under Seal.*

Defendants move to seal their customer invoices, arguing that they contain confidential business information. Doc. 237, Mot. Seal; Doc. 263, Mot. Seal, 2; Doc. 269, Mot. Seal, 2; Doc. 293, Mot. Seal, 1; Doc. 296, Mot. Seal, 2. The Court grants Defendants' request to file their customer invoices under seal because the invoices effectively operate as a confidential customer list and contain confidential pricing information. The Court also grants Defendants' request to seal Exhibit G in Philips' Motion for Spoliation Sanctions because it identifies Defendants' customers. *See* Doc. 293, Mot. Seal, 1.

"A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records." *Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, No. 3:23-CV-00296-K, 2023 WL 6850006, at *11 (N.D. Tex. Oct. 17, 2023) (Kinkeade, J.) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). However, it is the Court's duty to scrutinize whether information alleged to be commercially sensitive in fact poses "a specific threat of competitive harm" to justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). "[C]ourts will seal records containing detailed confidential business information where the parties articulate a concrete, non-speculative harm" that would result from disclosure. *Grano v. Sodexo Mgmt., Inc.*, No. 18-cv-1818-RSH-BLM, 2022 WL 3371621, at *2 (S.D. Cal. Aug. 16, 2022); *accord Vantage Health Plan*, 913 F.3d at 451–52.

The Court finds that disclosing the precise dollar amounts of its contracts could "put

[Defendants] at a competitive disadvantage in negotiations for future . . . deals." *See Cellular Commc'ns Equip., LLC. v. Apple Inc.*, No. 6:14-CV-251-KNM, 2017 WL 10311215, at *2 (E.D. Tex. Jan. 5, 2017). Further, the precise values of Defendants' contracts with non-parties do not provide a basis for summary judgment, which further reduces the importance of the public's access to this information. *Cf. MIECO LLC*, 2022 WL 18034481, at *2. Accordingly, the Court grants Defendants leave to seal the exhibits identified as Exhibits A-4, A-5, A-6, A-7, and A-8 in their Motion for Summary Judgment. The Court will also allow the parties to seal the exhibit identified as Exhibit G in Philips' Motion for Spoliation Sanctions.

D.      *Defendants May Not File Their Briefs in Support of their Motions to Strike Under Seal.*

        Defendants next move to file their briefs in support of their Motions to Strike Philips' two expert witnesses under seal. Doc. 274, Mot. Seal; Doc. 278, Mot. Seal. The Court denies these Motions. Defendants seek to seal these briefs, in their entirety, because they include commercially sensitive information. Doc. 274, Mot. Seal, 2; Doc. 278, Mot. Seal, 2. Even assuming the briefs contain commercially sensitive information, Defendants have failed to explain why that justifies sealing the briefs as opposed to filing public versions with the commercially sensitive information redacted.

        Defendants also filed their Brief in Support of their Response to Philips' Motion for Spoliation Sanctions (Doc. 308) under seal without asking for the Court's leave, in violation of the Northern District of Texas's Local Civil Rule 79.3(b). Thus, Defendants have failed to demonstrate why this brief should remain under seal.

        Defendants may move for leave to file their briefs on the public docket with any commercially sensitive information redacted. However, Defendants must provide justification for *every single*

redaction. Failure to comply with these instructions will result in the Court unsealing all three briefs.

E.    *Philips May File its Briefs Under Seal*

Philips moves for leave to file under seal its brief in support of its Motion for Summary Judgment, the Response to Defendants' Motion for Summary Judgment, the Response to Defendants' Motion to Strike Dr. Orso's Report, and the Brief in Support of Philips' Motion for Spoliation Sanctions. Doc. 238, Mot. Seal; Doc. 263, Mot. Seal; Doc. 282, Mot. Seal; Doc. 300, Mot. Seal. In connection with each Motion, Philips also filed a public copy of the brief that redacted the purported confidential information. After reviewing Philips' proposed redactions, the Court finds that they satisfy the Fifth Circuit's standard for sealing from *June Medical Services*. Accordingly, the Court grants each of Philips' Motion for Leave to seal its brief.

F.    *Philips Must File Their CSIP Policy Manual, the CSIP Presentation, and the Service Pack 5 Announcement on the Public Docket.*

Philips next moves for leave to file under seal the company's Customer Service Intellectual Property ("CSIP") policy manual, a PowerPoint presentation discussing the company's CSIP policies, and a newsletter announcing the Service Pack 5 ("SP5") software update.[3] Doc. 238, Mot. Seal, 3; Doc. 263, Mot. Seal; Doc. 282, Mot. Seal, 2. Philips argues that these three exhibits contain confidential information and that they also include information describing the "security mechanism" within Philips MRI machines. Doc. 238, Mot. Seal, 3. The Court finds that Philips failed to sufficiently justify sealing these documents.

As a preliminary matter, the CSIP policy manual does not contain any information addressing the "security mechanism" used on Philips MRI machines. Instead, the CSIP policy

---

[3] Philips designated these exhibits as Exhibits G, H, and CC in its Motion for Summary Judgment. Doc. 238-1, Pl.'s App'x A, 1, 3.

manual simply discusses Philips' different CSIP levels and provides guidance on how Philips classifies different information. Doc. 243, Pl.'s Sealed App'x, 189–216. Philips has already discussed much of this information on the public docket. Doc. 240, Br. Mot. Summ. J., 1–2. Regardless, Philips has failed to articulate a concrete harm that the company would suffer if its competitors learned about any of these processes. *See Vantage Health Plan*, 913 F.3d at 451.

Philips has likewise failed to explain why the CSIP presentation should be sealed. Much of the presentation includes the same information contained in the CSIP policy manual, which does not provide a basis for sealing. Doc. 243, Pl.'s Sealed App'x, 217–52. But the presentation also mentions Philips' security measures used to protect its intellectual property. *Id.* at 238. However, the presentation merely mentioning the company's security measures does not warrant sealing. *See Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *3 (N.D. Tex. May 30, 2024) (Kinkeade, J.) (denying the party's request to seal security measures).

Next, Philips has failed to identify any concrete harm it would suffer from the public filing of a newsletter announcing a Philips software update. Exhibit CC to the Appendix in support of Philips' Motion for Summary Judgment announces and describes a software update called SP5. Doc. 243, Pl.'s Sealed App'x, 902–07. For example, it explains the update's improvements to customer service. *Id.* at 903. Philips argues that this newsletter contains confidential information about Philips' internal processes for protecting the company's intellectual property and that it describes the security mechanism for the company's MRI machines. Doc. 238, Mot. Seal, 3–4. However, the newsletter does not appear to discuss the security mechanism for Philips MRI machines, and its limited discussion of Philips' CSIP policies has already been extensively discussed on the public docket. *See* Doc. 243, Pl.'s Sealed App'x, 902–07. Thus, the Court denies Philips leave to file Exhibit CC under

seal. Accordingly, Philips must file the CSIP policy manual, the CSIP presentation, and the SP5 newsletter, which it designated as Exhibits G, H, and CC, on the public docket.

G.    *Philips Failed to Provide Sufficient Justification to Seal the Donald Trump IST Certificate Summary and the Log File.*

Philips next moves to seal Exhibits V and X to its Motion for Summary Judgment, which are a summary of tools used by the Donald Trump IST certificate and a log file that includes information about which tests were run on a specific MRI Machine. Doc. 238, Mot. Seal, 3–4. Philips has again failed to demonstrate that these exhibits should be sealed.

The summary of the Donald Trump IST Certificate lists every test and application that the user of the Donald Trump certificate was entitled to access. Doc. 243, Pl.'s Sealed App'x, 684–88. This means that the exhibit provides a list of many Philips trade secrets. However, the summary only includes the *name* of each trade secret—it does not include any information describing the trade secret or otherwise allowing a Philips competitor to recreate the trade secret. Therefore, the Court finds that Exhibit V should not be sealed, and Philips must file it on the public docket. *See Blue Yonder Grp., Inc.*, 2024 WL 4796229, at *4 (denying a party's request to seal document that included the names of the party's alleged trade secrets).

Next, Philips has failed to explain why the log file should be sealed. The log file includes information such as who accessed the MRI machine at a specific hospital and appears to include numbers that indicate which tests they ran on the machine. Doc. 243, Pl.'s Sealed App'x, 696–97. While Philips contends that the log file contains information relating to Philips' proprietary software, Doc. 238, Mot. Seal, 2–3, Philips has failed to explain what proprietary information is stored on this log file specifically. However, because the log file appears to contain information that could be proprietary, the Court will allow Philips one more opportunity to provide sufficient

-11-

justification to seal Exhibit X to its Motion for Summary Judgment.

H.    *Philips Must File Exhibits Z, AA, and BB on the Public Docket.*

Lastly, Philips moves for leave to seal three exhibits in support of its Motion for Summary Judgment—Exhibits Z, AA, and BB—discussing the company's internal investigation into potential cases of people infringing the company's intellectual property. Doc. 238, Mot. Seal, 6. Philips has failed to identify any concrete harm the company would suffer if these exhibits were on the public docket.

Philips first argues that these exhibits have "details related to Philips [sic] confidential internal investigation." *Id.* However, after reviewing the three exhibits, the Court finds they do not contain any secret details that would potentially hurt Philips if their competitors learned of them. One exhibit is a spreadsheet indicating which employees worked on the investigation and it has a "Notes" section that says what each employee did. For example, six employees simply conducted "[r]esearch of service tasks and logs." Doc. 243, Pl.'s Sealed App'x, 897. The three exhibits Philips seeks to seal here do not contain any information related to the company's investigation that would harm Philips.

Philips also argues that these exhibits contain the names of Philips' employees and information about their salaries. However, Philips has failed to explain why its interest in keeping secret "who performed various investigation tasks" outweighs the public's common law right of access. *See June Med. Servs.*, 22 F.4th at 519. Philips also failed to explain how details related to "Philips' confidential salary schedule" could undermine Philips' security systems. Accordingly, Philips must file Exhibits Z, AA, and BB on the public record.

I.      *The Court Unseals Defendants' Appendix in Support of its Motion for Summary Judgment.*

Lastly, Defendants filed two Appendices in Support of their Motion for Summary Judgment. Defendants filed an Unsealed Appendix (Doc. 246) and a Sealed Appendix (Doc. 247). Defendants' Unsealed Appendix included the SP5 newsletter that Philips wishes to file under seal. Doc. 246-1, Def.'s App'x, 10–15. Defendants designated the SP5 Newsletter as Exhibit A-3 in its Appendix. *Id.* After filing both Appendices, Philips asked Defendants to move for leave to file the SP5 newsletter under seal. Doc. 248, Mot. Seal, 2. Defendants have not sought leave to seal any other exhibit in the Unsealed Appendix. *See id.*

The Court concluded above that the SP5 newsletter should not be filed under seal. Thus, no exhibits in Defendants' Appendix should remain under seal. Accordingly, the Court instructs the Clerk to unseal Defendants' Unsealed Appendix in Support of its Motion for Summary Judgment (Doc. 246).

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' Motions to Seal. The Court **GRANTS** Defendants leave to file Exhibits A-4, A-5, A-6, A-7, and A-8 in their Motion for Summary Judgment Under Seal and for Philips to seal Exhibit G in Support of its Motion for Spoliation Sanctions Under Seal. The Court also **GRANTS** Philips leave to file each of its requested briefs under seal.

The Court then **DENIES** Defendants' request to file three briefs under seal. They must file their briefs on the public docket, but they may redact any potentially confidential information. However, Defendants must provide justification for every single redaction.

The Court **DENIES** the Motions to Seal as to the parties' request to seal expert reports and deposition transcripts in their entirety. Instead, Philips must file these exhibits on the public docket and redact all the information Philips believes to be confidential. Philips must provide support for each request redaction. Philips must file the redacted version of each of these exhibits on or before **March 19, 2025**. Failure to comply with this Order will result in the Court unsealing these exhibits.

Next, the Court **DENIES** Philips' Motion to Seal the company's CSIP policy manual, the CSIP presentation, and the SP5 newsletter, which it designated as Exhibits G, H, and CC, on the public docket. Philips must file these three exhibits on the public docket. The Court instructs the Clerk of Court to **UNSEAL** Defendant's Appendix in Support of its Motion for Summary Judgment (Doc. 246).

The Court also **DENIES** Philips' Motion to Seal Exhibits V, X, Z, AA, and BB to its Motion for Summary Judgment. Philips must file Exhibits V, Z, AA, and BB on the public docket. The Court will give Philips one more opportunity to explain why Exhibit X should be filed under seal.

The parties must comply with this Order on or before **March 19, 2025**.

SO ORDERED.

SIGNED: March 11, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE